FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/20/2021 4:49 PM
CLERK OF THE COURT
Leanne LeCompte

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JENNIFER MORENO-OLIVAS,

    Plaintiff,

vs.                              Case No. D-202-CV-2021-04376

BRISTOL WEST INSURANCE COMPANY,
MEREDITH MULHOLLAND (Adjustor for Bristol West),

    Defendant.

## COMPLAINT FOR PERSONAL INJURIES, UNINSURED MOTORISTS BENEFITS UNDER A CONTRACT OF INSURANCE, UNFAIR CLAIMS HANDLING PRACTICES, INSURANCE BAD FAITH, AND BREACH OF CONTRACT

**COMES NOW**, Plaintiff Jennifer Moreno-Olivas, by and through her counsel of record, Jacob J. Salazar, (The Salazar Law Firm), and Bill Russell (The Law Offices of Bill Russell) and for her Complaint for Personal Injuries, Uninsured Motorists Benefits under a Contract of Insurance, Unfair Claims Handling Practices, Insurance Bad Faith, and Breach of Contract states as follows:

    1.    Plaintiff is a permanent resident of Bernalillo County, New Mexico.

    2.    That upon information and belief, Defendant, Meredith Mulholland (hereinafter referred to as "Defendant Mulholland") is an adjuster/agent of a business, duly organized under the laws of the State of New Mexico and/or a company and is doing business within the County of Bernalillo, State of New Mexico, and upon information and belief, having a last and usual place of business located in the City of Albuquerque, County of Bernalillo, State of New Mexico.

    3.    That upon information and belief, Defendant Bristol West Insurance Company (hereinafter referred to as "Defendant Bristol West"), is a foreign corporation doing business in

**EXHIBIT A-1**

the State of New Mexico by issuing automobile insurance policies to New Mexico residents. Plaintiff, Jennifer Moreno-Olivas was covered under an insurance policy from Defendant Bristol West, and their adjusters, agents, servants, and/or employees, for insurance to cover the family vehicles. By force of legislative enactment, the Unfair Claims Practices Act, Section 59A-16-20, NMSA, insures to the benefit of the public, and no language within said Act precludes joinder of Defendant Bristol West to this suit. Therefore, Defendant Bristol West is a necessary and proper party to this action and this Court has *in personam* jurisdiction over Defendant Bristol West, and the subject matter of this litigation.

4. At all times relevant and material hereto, Defendant Bristol West, acted by and through its agents, adjusters, servants, and/or employees, acted in a managerial capacity and its agents, adjusters, servants, and/or employees, acted within the purpose and scope of their agency and/or employment.

5. The acts and conduct alleged herein were known to, authorized, and/or ratified by Defendant Bristol West.

6. The acts complained of herein occurred in Bernalillo County, New Mexico.

7. Jurisdiction and venue are proper within this Second Judicial District.

## **GENERAL ALLEGATIONS**

8. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 7, above, as though set forth fully herein.

9. On or about April 24, 2019, Plaintiff Moreno-Olivas was traveling Northbound Coors Blvd. SW at the intersection with Lamonica Rd. SW, in Bernalillo County, New Mexico, when she was struck by a vehicle driven by Neueah Mata.

10. Neueah Mata was traveling Southbound on Coors Blvd. SW in the left turn lane at the intersection with Lamonica Rd. SW, in Bernalillo County, New Mexico.

11. Neueah Mata was in the intersection and she suddenly made a left turn colliding directly into Plaintiff Moreno-Olivas' vehicle.

12. The reporting Albuquerque Police Officer attributed making an improper turn and failure to yield right of way as the apparent contributing factors on part of Neueah Mata.

13. As a result of being struck Plaintiff has suffered bodily injury and sought medical treatment.

14. On or about April 24, 2019, Plaintiff was covered by a policy of automobile insurance issued to her which provided Plaintiff with coverage for injuries and damages suffered through the acts or omissions of uninsured motorists.

15. On or about April 24, 2019, said insurance policy was in full force and effect. Plaintiff paid premiums timely for said policy and has abided by all contractual obligations under it.

## COUNT I – CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST BRISTOL WEST INSURANCE COMPANY

16. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 15, above, as though set forth fully herein.

17. At all times pertinent hereto, driver at fault Neueah Mata was an Underinsured motorist as defined by New Mexico law, and as contemplated by Bristol West Insurance Company.

18. As a result of Neueah Mata's Underinsured status, and the insurance contract between Defendant Bristol West and Plaintiff Moreno-Olivas, Plaintiff is entitled to recover

damages incurred as a result of the accident of April 24, 2019, from Defendant Bristol West under the Underinsured Motorist Coverage provisions of the aforementioned policies.

19. Defendant Mulholland and Defendant Bristol West should be directed to pay Plaintiff Moreno-Olivas a sum sufficient to compensate her for her injuries and damages she suffered as a result of the collision of April 24, 2019, including Medical Expenses, Pain and Suffering, Loss of Capacity and Enjoyment, Loss of Household Services and any other damages to which she proves she is entitled to along with pre-and-post judgment interest.

### COUNT II – VIOLATIONS OF THE UNFAIR CLAIMS HANDLING PRACTICES ACT AND INSURANCE BAD FAITH AGAINST PROGRESSIVE DIRECT INSURANCE COMPANY

20. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 19, above, as though set forth fully herein.

21. At all times material hereto, Plaintiff Moreno-Olivas was a first-party insured under the above-mentioned Defendant Bristol West's policy and was, therefore, entitled to the benefits and protections of the Unfair Claims Practices Act, Section 59A-16-20 *et seq.*, NMSA.

22. There was in effect at all times material a state statute commonly known as the New Mexico Unfair Trade Practices ("UPA"), NMSA 1978, Sections 57-12-1 to-22 (1967, as amended), including but not limited to those subsections in Sections 57-12-2(0)(7), (0)(15), (0)(17) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices:

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Trade Practices Act (Chapter 57, Article 12 NMSA 1978), a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead and includes but is not limited to:

>(7) representing that the goods or services are of a particular standard, quality, or grade or those goods are of a particular style or model if they are of another;
>
>(15) stating that a transaction involves rights, remedies or obligations that it does not involve;
>
>(17) failure to deliver the quality or quantity of goods or services contracted for;
>
>and
>
>E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:
>
>>takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or results in a gross disparity between the value received by a person and the price paid.

23. Defendants Mulholland and Bristol West have violated said statute in dealings with Plaintiff Moreno-Olivas and the handling of her claim in a number of ways, including, but not limited to:

> a. Not attempting in good faith to effectual prompt, fair, and equitable settlement of an insured's claim where liability has become reasonably clear.

24. As a direct and proximate result of the improper claims handling procedures engaged in by Defendants Mulholland and Bristol West, Plaintiff Moreno-Olivas has been forced to institute this litigation and has thereby incurred additional costs and attorney's fees, as well as other and additional damages as may be proven at trial of this matter.

25. Pursuant to Section 59A-16-30, NMSA, Plaintiff is entitled to receive said costs.

26. At all times pertinent hereto, Defendants Mulholland and Bristol West had a duty to treat Plaintiff Moreno-Olivas in good faith and to approach the resolution of her claim in such a manner.

27. Defendants Mulholland and Bristol West breached their duty of good faith by refusing reasonable attempts to resolve this matter, by requiring the institution of litigation in order to recover an equitable measure of damages for the injuries suffered, and by putting its own financial interest above those of its own insured.

28. As a direct and proximate cause of the improper bad faith conduct of Defendants Mulholland and Bristol West, Plaintiff Moreno-Olivas has suffered additional damages in an amount to be proven at trial.

29. Defendant Mulholland's and Defendant Bristol West's conduct in this matter has been and remains intentionally engaged in for purposes of avoiding its contractual obligations and coercing Plaintiff Moreno-Olivas into taking a sum less than that which is reasonable for her injuries.

30. Defendant Mulholland's and Defendant Bristol West's conduct justifies an award of punitive damages in an amount sufficient to punish said Defendants and to deter it from similar behavior in the future.

### COUNT III – VIOLATION OF THE TRADE PRACTICES AND FRAUDS ACT AND THE INSURANCE CODE

31. Plaintiff Moreno-Olivas realleges and incorporates each and every allegation contained in paragraphs 1 through 30, above, as though set forth fully herein.

32. There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA

1978, Section 59A-16-20 (1997), subsections (A), (B), (C), (E), (G) and (N), which prohibits the following unfair claims practices:

    A.    misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

    B.    failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

    C.    failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

    E.    not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear;

    G.    compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such have made claims for amounts reasonably similar to amounts ultimately recovered;

    N.    failing to promptly provide an insured with a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

33. The actions of Defendants Mulholland and Bristol West, as set forth above constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (A), (B), (C), (G) and (N).

34. Defendants Mulholland and Bristol West as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant:

    (a)    has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in

favor of a third person with respect to the liability of an insured to such third persons; or

(b)     without just cause compels insureds or claimants to accept less than amount due them or to employ an attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

35.     Defendants Mulholland and Bristol West's acts, omissions, policies and conduct in violating the New Mexico Trades Practices, Frauds Act, and the New Mexico Insurance Code has damaged Plaintiff Moreno-Olivas in an amount to be proven at trial and warrant the imposition of punitive or exemplary damages provided by statute and/or common law.

## COUNT IV – INSURANCE COMPANY BAD FAITH

36.     Plaintiff Moreno-Olivas repeats and realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 35, of this complaint as if fully set forth herein.

37.     Although Defendants Mulholland and Bristol West acknowledged applicable coverage in April of 2019, Defendants failed to honor its obligations to its policyholder as described in the automobile policy of insurance and provide Uninsured/Underinsured coverage to Plaintiff Moreno-Olivas in a reasonable time and manner, especially following the New Mexico Supreme Court's Ruling in *Jordan v. Allstate.* Specifically, Defendants did not offer: 1) any adequate and/or sufficient Uninsured/Underinsured Pain and Suffering compensation (and other related claims) or Punitive Damage compensation to Plaintiff Moreno-Olivas following the accident and Plaintiff Moreno-Olivas' Demand.

38. That at all times relevant hereto, Defendants Mulholland and Bristol West, maliciously; knowingly; wantonly; willfully; recklessly; and without regard for Plaintiff Moreno-Olivas' rights, breached the duty of good faith and fair dealings owed to Plaintiff Moreno-Olivas by way of the following:

   a. Misrepresented to Plaintiff Moreno-Olivas pertinent provisions relating to coverage under her Uninsured/Underinsured policy;

   b. Failed to act reasonably under the circumstances to conduct timely investigation and fair evaluation of Plaintiff Moreno-Olivas' claims;

   c. Misrepresented to Plaintiff Moreno-Olivas the range of benefits afforded to Plaintiff Moreno-Olivas pursuing a settlement under the Uninsured/Underinsured coverage under her policy by proffering a grossly inadequate settlement offer to Plaintiff Moreno-Olivas;

   d. Forcing Plaintiff Moreno-Olivas to have to retain counsel and have to file suit in order to reach a just; fair; and equitable settlement in which to make her whole;

   e. Attempted to intimidate and or mislead Plaintiff Moreno-Olivas into believing she was entitled to substantially less than her automobile insurance policy would provide.

39. Defendants Mulholland and Bristol West had an ongoing duty to act in good faith and deal fairly with Plaintiff Moreno-Olivas at all times relevant and material.

40. Defendant Bristol West had an ongoing duty to honestly and fairly balance the interests of the insured with that of its own at all times relevant and material.

41. As a direct and proximate result of Defendant Bristol West's conduct coupled with its malicious; knowing; wanton; and/or willful acts of Insurance Company Bad Faith by and through its acts and/or omissions, Plaintiff Moreno-Olivas is entitled to compensatory; incidental; consequential (special) damages; and punitive damages; including but not limited to attorney's fees and costs pursuant to NMSA 1978 Section 39-2-1, and pre-and-post-judgment interest.

## COUNT V – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42. Plaintiff Moreno-Olivas repeats and realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 41, of this complaint as if fully set forth herein.

43. In issuing insurance policies to Plaintiff Moreno-Olivas, or her family, and adjusting claims, Defendants Mulholland and Bristol West, had a duty to act in good faith and to treat its policyholders in a fair manner, to hold its insured's interests and to act honestly, both in fact and in law in these dealings.

44. In undertaking the wrongful acts described herein, Defendants Mulholland and Bristol West have breached its duty of good faith and fair dealing, causing damage to Plaintiff Moreno-Olivas in an amount to be proven at trial, and warrant the imposition of punitive or exemplary damages provided by statute and/or common law.

## COUNT VI – BREACH OF CONTRACT

45. Plaintiff Moreno-Olivas repeats and realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 44, of this complaint as if fully set forth herein.

46. By issuing the policy at issue to Plaintiff Moreno-Olivas, Defendant Bristol West entered into a contract with Plaintiff Moreno-Olivas.

47. By engaging in the conduct alleged herein, Defendants Mulholland and Bristol West, breached its contractual obligations to Plaintiff Moreno-Olivas.

48. Plaintiff Moreno-Olivas has complied with all conditions precedent to its contract with Defendants Mulholland and Bristol West.

49. Defendants Mulholland and Bristol West's breach of its contractual obligations to Plaintiff Moreno-Olivas has damaged Plaintiff Moreno-Olivas in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Moreno-Olivas prays for judgment against defendants as follows:

1. Damages not to exceed $75,000, which includes costs, and attorney's fees against Defendant Bristol West, incurred by virtue of Defendant Bristol West's violations of Section 59A-16-20, NMSA;

2. Actual and punitive damages, which do not exceed the $75,000, referenced above, against Defendant Bristol West caused by Defendant Bristol West's bad faith in this matter;

3. Punitive damages, which do not exceed the $75,000, referenced above, against Defendant Bristol West for its improper and willful conduct in this matter; and

4. For such other and further relief, as may be deemed proper.

Respectfully submitted:

**THE SALAZAR LAW FIRM**

Electronically Filed

*/s/ Jacob J. Salazar*
Jacob J. Salazar
*Attorney for the Plaintiff*
Post Office Box 25582
Albuquerque, NM 87125
thesalazarlawfirm@gmail.com
(505) 312-7605

**The Law Offices of Cameron & Russell**

*/s/ Bill Russell*
Bill Russell
500 Marquette NW, Ste. 1200
Albuquerque, NM 87102
Telephone: (505) 218-7844
Facsimile: (505) 672-5128
*bill@crlawnm.com*

| | |
|---|---|
| | **SUMMONS** |
| Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address:<br>400 Lomas NW<br>Albuquerque, NM 87102<br>Court Telephone: (505) 841-7438 | Case Number: D-202-CV-2021-04376<br><br>Judge: Benjamin Chavez |
| Plaintiff(s)/Petitioner(s):<br>JENNIFER MORENO-OLIVAS,<br>v.<br>Defendant(s)/Respondent(s):<br>MEREDITH MULHOLLAND, and<br>BRISTOL WEST INSURANCE COMPANY | Defendant/Respondent<br>Name: Bristol West Insurance Company<br>℅ Office of Superintendent or Russell Toal,<br>Superintendent of Insurance<br>P.O. Box 1689<br>Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S)/RESPONDENT(S)**: Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written answer to the Complaint with the Court no later than **thirty (30) days** from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this ____ day of 7/26/2021, 20___.

KATINA WATSON
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

**EXHIBIT A-2**

THE SALAZAR LAW FIRM

*/s/Jacob J. Salazar*
Jacob J. Salazar
P.O. Box 25582
Albuquerque, NM 87125
Telephone: 505-312-7605
Fax: 505-200-2621
Email Address: thesalazarlawfirm@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS

**RETURN**

STATE OF NEW MEXICO ) ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, \_\_\_\_\_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner: **(check one box and fill in appropriate blanks)**

[ ]  to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*)

[ ]  to _____, an agent authorized to receive service of process for defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

_____   Fees: _____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____

_____           _____
Judge, notary or other officer authorized to administer oaths         Official Title

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/20/2021 4:49 PM
CLERK OF THE COURT
Leanne LeCompte

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

JENNIFER MORENO-OLIVAS,

    Plaintiff,

vs.                                            No.: D-202-CV-2021-04376

BRISTOL WEST INSURANCE COMPANY,
MEREDITH MULHOLLAND (Adjustor for Bristol West),

    Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

Plaintiff, Jennifer Moreno-Olivas, by and through her counsel of record, The Salazar Law Firm (Jacob J. Salazar), pursuant to LR2-603, certifies that this case is not subject to referral to arbitration as Plaintiff seeks a money judgment and the amount sought exceeds twenty-five thousand dollars ($25,000.00), exclusive of punitive damages, interests, costs and attorney fees.

Respectfully Submitted:

**THE SALAZAR LAW FIRM**

*/s/ Jacob J. Salazar*
Jacob J. Salazar
*Attorney for Plaintiff*
Post Box 25582
Albuquerque, New Mexico 87125
Telephone: (505) 312-7605
E-mail: thesalazarlawfirm@gmail.com

**The Law Offices of Cameron & Russell**

*/s/ Bill Russell*
Bill Russell
500 Marquette NW, Ste. 1200
Albuquerque, NM 87102
Telephone: (505) 218-7844
*bill@crlawnm.com*

**EXHIBIT A-3**